IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAWRENCE ALEXANDER DONNELL, | ) | Case No. 10-12517 ABC |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| CATHERINE C. NEWMAN and THE | ) | |
| CATHERINE C. NEWMAN LIVING TRUST | ) | |
| #1, CATHERINE C. NEWMAN, Trustee, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. No. 10-1372 ABC |
| | ) | |
| LAWRENCE ALEXANDER DONNELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant/Debtor Lawrence Alexander Donnell ("Defendant"), the Response thereto filed by Plaintiffs, and the Reply filed by Defendant. The Court having reviewed the foregoing, and the file in this matter, finds as follows.

**Background**

Plaintiffs' Complaint seeks a determination of the nondischargeability of a debt under 11 U.S.C. § 523(a)(2)(A). Plaintiffs allege that Plaintiff Catherine C. Newman ("Newman") individually, and as the Trustee of Plaintiff Catherine C. Newman Living Trust #1("Trust") were deceived by Defendant, a licensed investment advisor, in connection with Plaintiffs' investment in an entity known as JOAD Perscitus Placitum, LLC ("JOAD"). Plaintiffs allege that Defendant knew that JOAD was owned by him and his girlfriend, that JOAD was experiencing significant financial difficulties, that JOAD needed substantial additional capital, and that there was a very real risk that JOAD would not repay the loan. Despite this knowledge and his knowledge that Newman desired only low-risk investments for the Trust's assets, Defendant failed to disclose to Newman his and his girlfriend's interest in JOAD, or any of JOAD's financial difficulties.

Plaintiffs allege that Defendant's non-disclosure of these material facts induced Newman, as Trustee of the Trust, to make a $200,000 loan to JOAD, that Plaintiffs have suffered damages in the amount of $200,000, and that the debt owed by Defendant to Plaintiffs is the result of deceit based on fraud, either by false representations, concealment, or non-disclosure.

## Arguments of the Parties

Defendant argues that he is entitled to judgment as a matter of law on Plaintiffs' fraud claims because: (1) Plaintiffs must establish a debt prior to and outside Defendant's bankruptcy case, which they have not done; (2) the promissory notes at issue are only liabilities of JOAD, not Defendant, thus Defendant does not owe Plaintiffs any debt; (3) any tort claims which Plaintiffs have against Defendant were subject to a mandatory arbitration provision set forth in Plaintiffs' Account Agreement with Defendant's employer; (4) Plaintiffs' recent settlement of an arbitration with Defendant's employer precludes Plaintiffs from establishing that Defendant owes them a debt under the doctrine of claim preclusion or *res judicata*; and (5) Plaintiffs have failed to file a certificate of review regarding claims of professional negligence against Defendant, thus their claims must be dismissed.

Plaintiffs respond that: (1) the Bankruptcy Code does not require that a debt be established prior to and separate from an adversary proceeding to determine dischargeability; (2) Plaintiffs have adequately pled a direct fraud claims against Defendant and are not relying on theories of piercing the corporate veil; (3) Plaintiffs were not required to arbitrate their claims against Defendant because any such arbitration was stayed by the automatic stay; and (4) *res judicata* does not apply to the arbitration settlement.

## Discussion

### 1. Summary Judgment Standards

Federal Rule of Civil Procedure 56(c), which is made applicable to this adversary proceeding by Bankruptcy Rule 7056, provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991). In considering whether there exist genuine issues of material fact, the court does not weigh the evidence but instead inquires whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

Defendant's Motion is based entirely upon Plaintiffs' Complaint, the Account Agreement

between Plaintiffs and Defendant's employer (*Exhibit 2 to Defendant's Motion for Summary Judgment,* hereinafter "Exh. 2"*)*, and the Settlement Agreement in the arbitration between Plaintiffs and Defendant's employer (*Exhibit 4 to Defendant's Motion for Summary Judgment,* hereinafter "Exh. 4"*).* Plaintiffs do not dispute that the settlement occurred, nor do they dispute that copies of the Account Agreement and Settlement Agreement submitted in support of Defendant's Motion are true and accurate copies. These undisputed facts, however, do not entitle Defendant to judgment as a matter of law.

### 2. Establishment of Underlying Debt

Defendant is correct that in order to obtain a determination of nondischargeability of a debt, Plaintiffs must establish a debt is owed to them. *Banbury v. Banbury (In re Banbury),* 430 B.R. 242, 244 (Bankr. D. Colo. 2010). "Liability under state law for damages caused by fraud, whether punitive or compensatory, clearly represents [such] a debt within the meaning of the bankruptcy code." *Cohen v. de la Cruz (In re Cohen)*, 106 F.3d 52, 56 (3rd Cir. 1997), aff'd 523 U.S. 213 (1998). Because elements of common law fraud liability under state law are virtually identical to the elements of fraud under § 523(a)(2)(A) of the Bankruptcy Code, proof of the underlying debt is often coincident with proof of nondischargeability under § 523(a)(2)(A). It is not necessary that there be a separate or prior proceeding to establish the underlying debt. In *Cohen v. De La Cruz*, for example, the bankruptcy court found liability for the underlying debt in the same proceeding that it determined the debt was nondischargeable. Though not pled as separate claims, Plaintiffs' complaint requests judgment for the amount of damages Plaintiffs suffered as a result of Defendant's alleged fraud and a determination that such damages are a nondischargeable debt. The Complaint is sufficient to state a claim for the underlying debt in addition to a claim that the debt is nondischargeable under § 523(a)(2).

### 3. Defendant's Personal Liability for Fraud

Though the underlying notes are clearly obligations of JOAD, Plaintiffs do not claim Defendant is liable on the notes. They allege that Defendant caused them damages by inducing them, through fraud, to invest money in JOAD. They seek damages for money they lost as a result of Defendant's personal fraud. It is not necessary to pierce the corporate veil in this circumstance, nor to prove that Defendant received any direct benefit as a result of his fraud. *See, Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998)(§ 523(a)(2) encompasses any debt resulting from fraud); *Nat'l Development Svcs, Inc. v. Denbleyker (In re Denbleyker)*, 251 B.R. 891(Bankr. D. Colo. 2000)(debt for money obtained for debtor's corporation as a result of debtor's fraud is nondischargeable under § 523(a)(2)).

### 4. Mandatory Arbitration

The Account Agreement provides for mandatory arbitration of "all controversies that may arise *between you, us, and the Clearing Firm*." Exh. 2, p. 3 (emphasis added). "You" is defined as Plaintiffs, "us," is defined as Securities America, Inc., and "the Clearing Firm," is defined as either National Financial Services LLC or Pershing LLC. Exh. 2, page 1. Neither the

definition of "us" nor "the Clearing Firm" includes Defendant. By its plain language, the Account Agreement does not require arbitration of disputes between Plaintiffs and Defendant.

### 5. Claim Preclusion

Under either Colorado or Federal law, claim preclusion requires: (1) finality of the first judgment, (2) identity of the subject matter, (3) identity of the claims for relief, and (4) identity or privity between the parties in both actions. *Argus Real Estate, Inc. v. E-470 Public Highway Authority*, 109 P.3d 604, 608 (Colo. 2005), *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). Defendant was not a party to the arbitration between Plaintiffs and Securities America, Inc., thus one essential element of claim preclusion is lacking.

Moreover, the settlement of the arbitration does not appear to have been made into an arbitration award or a judgment of any kind. Thus, the element of a final judgment is lacking as well. A private settlement agreement is not considered a "final judgment" for claim preclusion purposes. 18A Wright & Miller, *Federal Practice & Procedure*, § 4443 (2d. ed. 2011), *Ferris v. Bakery, Confectionery and Tobacco Union, Local 26,* 867 P.2d 38 (Colo. App. 1993). Whatever preclusive effect a private settlement has "derives from its force as a contract, not from *res judicata*." Wright & Miller at § 4443. Even a stipulated judgment or consent judgment is entitled only to the preclusive effect manifested by the parties' intent as expressed in the plain language of the settlement agreement. *O'Neil v. Wolpoff & Abramson, L.L.P.*, 210 P.3d 482, 484 (Colo. App. 2009), *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993). Here, the Settlement Agreement could not be more clear that the parties did <u>not</u> intend to preclude future litigation against Defendant. The Settlement Agreement, provides that Plaintiffs release Securities America, Inc., and its current and former employees, "*excluding* Donnell [Defendant]." Exh. 4, paragraph 2 (emphasis added). Defendant's argument on this point has no merit.

### 6. Colorado's Certificate of Review Statute

Section 13-20-602 of the Colorado Revised Statutes provides that a certificate of review must be filed in "every action for damages . . . based upon the alleged professional negligence of . . . a licensed professional." The failure to file a required certificate results in dismissal of the claim. C.R.S. § 13-20-602(4). Not every claim relating to negligence by a licensed professional requires a certificate of review; such a certificate is only required when expert testimony is necessary in order to establish the plaintiff's *prima facie* case. *Martinez v. Badis,* 842 P.2d 245, 250 (Colo. 1992). If expert testimony is not needed, there is no need to file a certificate of review.

In a case involving failure of real estate brokers to advise purchasers of real property of substantial defects in the property, of which the brokers had actual knowledge, the Colorado Court of Appeals held that expert testimony was not necessary to establish the claim, and a certificate of review was not necessary. *Baumgarten v. Coppage*, 15 P.3d 304, 307 (Colo. App. 2000). In the *Baumgarten* case, the Court of Appeals contrasted the claim for breach of the duty

to inform of *known* defects with the plaintiffs' claim for failure to inform them of defects of which the brokers *should have* had knowledge. This latter claim was based on the standard of care relating to what brokers should know about hidden damage to a structure. Thus, expert testimony and a certificate of review was required only as to this portion of the plaintiffs' complaint.

A detailed description of the basis for and elements of Plaintiffs' fraud claims was set forth in this Court's Order on Defendant's Motion to Dismiss, dated November 10, 2010 (Docket #16), and will not be repeated here. In summary, the Court ruled that Plaintiffs' Complaint stated several viable fraud claims based on: (1) intentional implied misrepresentations, (2) non-disclosure of a material fact which Defendant had a duty to disclose to Plaintiffs based on his fiduciary relationship as an investment advisor, (3) non-disclosure when one party knows the other party is about to enter into a transaction based on mistaken "basic" facts, when the mistaken party, because of objective circumstances, would reasonably expect disclosure, and (4) failure to disclose material facts accompanied by an intention to mislead by such non-disclosure.

Of these different types of frauds alleged by Plaintiffs, only the second potentially implicates the Colorado certificate of review statute. Such a certificate would only be necessary to the extent that Plaintiffs' fraud claims are based Defendant's breach of the duty of care owed by an investment advisor to his clients. As set forth above, several of the fraud scenarios raised by Plaintiffs' complaint do not involve a breach of this duty, therefore summary judgment in Defendant's favor is not appropriate on this basis.

Accordingly, it is:

ORDERED that Defendant's Motion for Summary Judgment is denied.

Dated: June 7, 2011                     BY THE COURT:

_____
A Bruce Campbell,
United States Bankruptcy Judge

5